IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KENNY EDMONSON**                                                                                           **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 3:05cv323HTW-JCS**

**JOHN R. ELLIOT, JR, et al.**                                                                            **DEFENDANTS**

MEMORANDUM OPINION

On May 23, 2005, the plaintiff filed a complaint [1-1] pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On May 24, 2005, this Court entered two orders in the instant action. One order [3-1] directed the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within thirty days. The plaintiff has failed to respond or comply with that order. The second order [4-1] entered on May 24, 2005, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts OR to file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court. The plaintiff failed to respond or comply with that order.

On June 15, 2005, the envelope [6-1] containing both of those orders [3-1 & 4-1] was returned as undeliverable. Out of an abundance of caution, this Court entered an order [7-1] on July 19, 2005, directing the plaintiff to show cause in writing, within fifteen days, as to why this case should not be dismissed for his failure to comply with this Court's May 24, 2005, orders. The plaintiff was again warned that if he did not comply with the Court orders, his case would be dismissed without prejudice and without further notice to him.

On July 29, 2005, the envelope containing the Court's order to show cause was also returned marked "undeliverable." On August 26, 2005, this Court made a final attempt to communicate with the plaintiff, directing him in an order [10-1] to show cause as to why this case should not be dismissed for his failure to comply with this Court's orders. The envelope [11-1] containing the order was also returned as undeliverable. The plaintiff was warned in a notice of assignment from the Clerk and in each of the above mentioned orders, that his failure to keep this Court advised of his current address could result in the dismissal of this action. These orders were mailed to the plaintiff's last known address. It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

of the Court.  Link, supra, 370 U.S. at 630.   Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

    A final judgment in accordance with this memorandum opinion will be entered.

    This the 25th day of January, 2006.

                                    s/ HENRY T. WINGATE

                                    CHIEF UNITED STATES DISTRICT JUDGE